THE STATE *vs.* ORLANDO C. SCARBOROUGH.

Where one of the juries is charged with an indictment for an assault and battery, and after the evidence and argument have been heard, one of the jurymen absents himself from the panel, a member of the other jury who heard the evidence and the argument cannot be substituted in his place against the consent of the defendant.

If such substitution be made, and defendant be found guilty, the judgment will be arrested.

BEFORE RUTLAND, J., AT DARLINGTON, FEBRUARY TERM, 1871.

Motion in arrest of judgment. The facts upon which the motion was based, and the ground thereof, are stated in the judgment of the Court.

*Warley*, for the motion, cited *State* vs. *McKee*, 1 Bail., 651, 654; *Bostick's* case, cited in 1 McC., 254; *Edwards'* case, 2 N. & McC., 17; *State* vs. *Starling*, 15 Rich., 134; *Creiger* vs. *Bunton*, 2 Stro., 491; 2 Hale P. C., 295, 296; Coke on Lit., (Thomas,) ch. 9, p. 457; 2

Bish. C. L., § 670, 673; *United States* vs. *Haskell*, 4 Wash. C. C., 402; *Garrat* vs. *Garrat*, 4 Yeates, 244; *People* vs. *Damon*, 13 Wend., 351; *State* vs. *Williams*, 3 Stew., 454; 5 Bac. Abr., 335, Title Juries, (C.,) 369, (Note,) 371, (G.); *Rex* vs. *Edwards*, Brit. C. Cases, 224; *Rex* vs. *Deleany*, 3 Ib., 88.

*Shaw*, Solicitor, contra.

May 30, 1871. The opinion of the Court was delivered by

MOSES, C. J. The motion is in arrest of judgment.

It appears from the brief that the defendant, with one John E. Andrews, was indicted for assault and battery. The trial progressed, and, on the conclusion of the argument of the defendant's counsel, the Court adjourned to the next morning. On re-assembling, it was discovered that one of the jury charged with the case was absent. After a little delay, on his non-appearance, the Judge directed that a member of jury No. 2, who had heard the testimony and the argument of the counsel for the defendant, should be sworn, and directed to take his place on the panel to which the cause had been committed. This was done, against the objection of the counsel, who insisted that the jury should be discharged, and the indictment submitted to another jury. The trial proceeded, and resulted in the acquittal of Andrews, and the conviction of this defendant, who moved the Circuit Court in arrest of judgment, on the grounds now submitted for the motion here, the said Court having dismissed it.

There is no right pertaining to the citizen which the Court watches with more jealous care than that which secures to him, when charged with a violation of the public law, a fair and impartial trial by jury in conformity with form and manner which have regulated it for centuries. The least infringement of these is looked to with sad forebodings as the precursor of changes in the administration of the law, which, if not checked, may impair the safeguards by which his life, liberty, character, and property are protected. Our people have persisted in preserving it with all its ancient privileges and prerogatives, and the form of jury trial, as it now exists, has outlived the changes wrought in the government itself by the revolution which converted the Colonies into independent States.

While they have been willing, to a large extent, to realize the necessity of varying the forms of action, the rules of evidence, the punishment for crime, they have adhered almost with a reverential

Columbia, April, 1871.

devotion to all the incidents which have attached to trial by jury from a period beyond which the memory of man runneth not.

The tribunal which is to pass upon the guilt or innocence of a party charged with an offense "against the peace and dignity of the State," and known as the "jury," is to be composed of twelve men. "It can be no more, and no less than twelve, and all must assent to the verdict."—2 *Hale,* 161. Here a jury had been sworn well and truly to try the defendant. Each member assumed the oath as of the panel charged with the cause committed to it, and by it the verdict was to be rendered. If the absence of a single one justified the substitution of another in his stead by the presiding Judge, the same rule would apply if eleven had been found absent. If, in such an event, that number could have been added to the remaining juror, not only after the testimony had closed, but the defense presented by the counsel, can it be said that the jury thus composed, and which was to find the verdict, constituted the panel to which the case had been submitted? The records of the Court would then shew that the same cause had been committed to thirteen men.

The oath of the jury requires them to find a "true verdict according to the evidence." What evidence, if not that which, as jurymen, under all the obligations the high office imposes, they had heard? They were to be persuaded the one way or the other, by the effect of the testimony on their minds in the capacity of jurors. Except that the person who was called in the place of the absent member was included in the *venire,* he was, as to this case, concluded save as to the argument of the Solicitor and the charge of the Court, as much a stranger as any indifferent spectator. The rule, too, that the jury are to be sworn before the evidence is heard, was here entirely reversed, for he was not sworn as of the jury until after all the testimony had been taken.

By law a party charged with the offence for which the prisoner was on trial, is entitled to a certain number of challenges. If the juror thus put into the box against the consent of the defendant had been presented to him originally, who can say that he might not have objected to him? The effect, then, of the order of the Judge, would be to deprive the defendant of the exercise of this important privilege. When the jury was formed, by accepting it he admitted it was not subject to exception, but when one was added to it, there was a change which imposed on him no obligation to submit to its verdict as that of a jury legally charged with his trial.

The substitution of another juror must be regarded as the dis-

charge of him in whose place he was seated. His connection with the jury had ceased.

In *Greer* vs. *Norville*, 3 Hill, 362, it is said, "that after a trial has commenced, and the jury is charged with the case, no juror can be withdrawn except from *necessity*, the consent of the parties, or the permission of the law," and although this language was commented on in *Boland* vs. *Railroad Co.*, 12 Rich., 374, yet we do not understand the latter case as overruling the former, where the dismissal of a juror and the substitution of another was against the consent of one of the parties.

We cannot see any reason why the rule which was prescribed in *The State* vs. *McKee*, 1 Bail., 651, that where a jury has been charged with the trial of a prisoner on an indictment for a capital offence, the absence of one of the jurymen will be a good cause for discharging it and directing a second trial, should not apply to the trial of one charged only with a misdemeanor. It is founded on due regard both to the rights of the defendant and the State.

The motion in arrest of judgment is granted, and it is so ordered and adjudged.

*Willard*, A. J., and *Wright*, A. J., concurred.